UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD M. SMEGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 15-CV-3159 |
| ) | |
| RICHARDO MEZA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MERIT REVIEW OPINION**

**JOE BILLY MCDADE, U.S. District Judge:**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. §

1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the allegations state a federal claim for relief.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

## Allegations

Plaintiff is detained in the Rushville Treatment and Detention Center ("Rushville") pursuant to the Illinois Sexually Violent Persons Act. Plaintiff alleges that Rushville's failure to implement procedures for reporting and investigating sexual assaults within the facility creates an environment which places Rushville residents at a substantial risk of serious harm from assaults by other residents. Plaintiff allegedly hears accounts of these sexual assaults in group therapy, when other residents describe sexual assaults that they have suffered within the facility at the hands of other residents. The therapists allegedly refuse to take any action

after hearing these accounts.  Plaintiff alleges that there is no reliable way for a resident to report a sexual assault and have the report taken seriously, without repercussion.  Plaintiff alleges that he himself has been subjected to physical and sexual assaults on "more than one date." (Complaint, para. 8.)  He alleges that his attempts to use the grievance procedure to redress these assaults were either futile or led to retaliation.

Unable to obtain results internally, Plaintiff wrote to the Office of the Illinois Inspector General about this issue.  Plaintiff detailed his own problems with being assaulted as well the experiences of other residents.  Plaintiff asked the Inspector General to independently investigate and also asked that Rushville not be involved in conducting the investigation due to bias and Plaintiff's fear of retaliation.

Instead of investigating Plaintiff's complaints, the Office of Inspector General forwarded the complaints to Rushville's internal investigator, Defendant Clayton.  Clayton allegedly then interviewed one of the residents who had given an affidavit to support Plaintiff's complaints to the Office of Inspector General.  Defendant Clayton allegedly intimidated and discouraged this resident from further

supporting Plaintiff's efforts.  Because of this intimidation, Plaintiff has difficulty obtaining affidavits or other evidence from any residents to support Plaintiff's quest to improve conditions at Rushville.

## Analysis

Plaintiff alleges that Rushville's failure to record sexual assaults and failure to have a meaningful, reliable procedure for reporting and investigating sexual assaults violates his due process and equal protection rights.  He contends that the Illinois Department of Corrections ("IDOC") has such protections in place and Rushville should, too.

The reason for the difference in approach between Rushville and the IDOC may be because prisons are subject to the Prison Rape Elimination Act, 42 U.S.C. § 15601, et seq., a federal law with the goal of reducing sexual assaults in prisons.  The law and its regulations impose reporting, training, and other requirements on prisons.  However, facilities like Rushville do not appear to be covered by this law.  42 U.S.C. § 15609 (definitions).  Courts cannot rewrite the law to cover facilities like Rushville, only the legislators can.

In any event, whatever the reason for the difference between Rushville's and IDOC's handling of sexual assaults, the Constitution does not require that different state agencies operate their confinement facilities identically.  Plaintiff is not similarly situated to an IDOC inmate for the simple reason that Plaintiff is not confined in an IDOC facility.  See <u>Saiger v. City of</u> Chicago, 37 F.Supp.3d 979, 982 (N.D. Ill. 2014)(To be similarly situated for an equal protection claim, "a plaintiff and his comparators must be directly comparable in all material respects.")  Rushville is operated by the Illinois Department of Human Services, not the Illinois Department of Corrections.

As to Plaintiff's due process claim, Rushville has a constitutional duty to protect Plaintiff from a serious risk of substantial harm, but the risk must be concrete and specific, not general or vague.  *See* <u>Brown v. Budz</u>, 398 F.3d 904, 909, 913 (7th Cir.2005)(generalized risk of violence is not enough to state a failure to protect claim).  Plaintiff does not explain when he was assaulted, the circumstances of those assaults, or what Defendants knew about the specific risk of the assaults to Plaintiff before those

assaults occurred.  Id.  Additionally, Plaintiff cannot pursue claims on behalf of other inmates who have been assaulted.

Plaintiff also has a constitutional right to adequate treatment for his mental illness, which means a treatment approach within the acceptable range of professional judgment.  See Youngberg v. Romeo, 457 U.S. 307, 323 (1982)(decisions by professionals working at a mental health institution are afforded deference; their decisions violate the Constitution only if they failed to exercise professional judgment).  Yet, again, Plaintiff does not give any facts about the assaults he suffered or how those assaults were caused by any action or failure to act by mental health professionals.

Nor is a federal claim stated against the Executive Inspector General or the Deputy Inspector (Defendants Meza and Kwateng) for failing to take action on Plaintiff's complaints other than to forward those complaints to Defendant Clayton, the internal investigator at Rushville.  The Inspector General has no affirmative constitutional duty to investigate or take actions on complaints.  See Whitlock v. Brueggemann, 682 F.3d 567, 589 (7th Cir. 2012)("There is no affirmative duty on police to investigate.").

Lastly, no retaliation claim is stated against Defendant Clayton, who purportedly made intimidating statements to a resident who had provided an affidavit to Plaintiff. Plaintiff's ability to pursue his own challenges to the conditions at Rushville remains intact. Further, oral intimidation and threats are not sufficiently adverse to state a retaliation claim, even if those words had been spoken directly to Plaintiff. *See* Antoine v. Uchtman, 2008 WL 1875948 *2 (7th Cir. 2008)(not published in Federal Reporter)(oral threats did not state retaliation claim).

## Conclusion

In sum, Plaintiff's present allegations fail to state a federal claim for relief. The only possible federal claim the Court sees may be a claim arising from the alleged assaults on Plaintiff, but the present allegations are too vague and conclusory. Plaintiff will be given an opportunity to file an amended complaint about the alleged assaults.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim.

2) By October 19, 2015, Plaintiff may file an amended complaint regarding the sexual assaults or other assaults

he personally suffered. The amended complaint should set forth when and where the assaults occurred, how Plaintiff was assaulted, who assaulted Plaintiff, and whether Plaintiff made any attempts to inform Defendants of the risk of an impending assault.

3) Failure to file an amended complaint will result in the dismissal of this case, without prejudice.

ENTERED: 9/24/2015

FOR THE COURT:

                                  **s/Joe Billy McDade**
                                  JOE BILLY MCDADE
                        UNITED STATES DISTRICT JUDGE