UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD M. SMEGO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 15-CV-3159 |
| RICHARDO MEZA, et al., | ) ) ) |
| Defendants. | ) ) |

**OPINION**

**JOE BILLY MCDADE, U.S. District Judge:**

On September 24, 2015, the Court dismissed Plaintiff's complaint without prejudice to filing an amended complaint regarding the alleged sexual assaults or other assaults he personally suffered as a resident in the Rushville Treatment and Detention Center. The Court assumes familiarity with that order.

Plaintiff has moved to reconsider the Court's determination in that order that the Rushville Treatment and Detention Center is not subject to the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601, et seq., a federal law with the goal of reducing sexual assaults in prisons. *See* 42 U.S.C. § 15609. Plaintiff asserts that this Act was amended in 2006 by the Violence Against Women and

Department of Justice Reauthorization Act of 2005 to cover facilities like Rushville, a detention facility for persons civilly committed under Illinois law as sexually violent persons.  The statutes he cites, though, are federal criminal definitions of sexual misconduct and refer to persons "held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency."  *See* 18 U.S.C. §§ 2241-2244.  Plaintiff is not being held in a facility pursuant to an agreement with a federal agency.  He is detained pursuant to state law in a facility operated by a state agency.  The debate is immaterial in any event.  The Court only cited the PREA as a possible explanation for the difference between the way IDOC and Rushville handle the reporting and investigation of sexual assaults within their facilities.  The PREA does not create a private right of action, so Plaintiff could not move to enforce the Act even if he were in an IDOC prison.  *See Ross v. Gossett*, 2016 WL 335991(S.D. Ill. 2016)(holding no private right of action under PREA).

    Plaintiff further asserts that he does have an equal protection claim based on the differences in how the IDOC and Rushville handle reports of sexual assaults within their facilities.  He alleges

that his confinement is similar, if not identical, to being in an IDOC prison.  Yet, as the Court stated in its prior order, from an equal protection standpoint, Rushville residents are not similarly situated to IDOC prisoners because the facilities are operated by different state agencies.

**IT IS ORDERED:**

1) Plaintiff's motion for reconsideration is denied (7).

2) By February 15, 2016, Plaintiff may file an amended complaint regarding the sexual assaults or other assaults he personally suffered in the Rushville Treatment and Detention Center.  The amended complaint should set forth when and where the assaults occurred, how Plaintiff was assaulted, who assaulted Plaintiff, and whether Plaintiff made any attempts to inform Defendants of the risk of an impending assault.

3) Failure to file an amended complaint will result in the dismissal of this case, without prejudice.

4) Plaintiff's petition to proceed in forma pauperis is denied (3). The Court will revive Plaintiff's in forma pauperis petition if

Plaintiff files an amended complaint in accordance with this order.

5) Plaintiff's motion for status (5) is denied as moot.

ENTERED:  02/01/2016

FOR THE COURT:

                            **s/Joe Billy McDade**
                            JOE BILLY MCDADE
                  UNITED STATES DISTRICT JUDGE